## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANEUDY PEREZ MELENDEZ,

     Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; EXETER FINANCE LLC and
NCB MANAGEMENT SERVICES,
INC.,

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ANEUDY PEREZ MELENDEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); EXETER FINANCE LLC (hereinafter "Exeter") and NCB MANAGEMENT SERVICES, INC. (hereinafter "NCB") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, compensatory damages, punitive damages, costs, and attorney's fees brought pursuant to the FDCPA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

7.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10.     Plaintiff is a natural person and resident of Vega Baja County in Puerto Rico. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

12.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

15.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

17.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

18.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

20.     Exeter is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

21.     Exeter is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

22.     Exeter furnished Plaintiff's information to the CRAs which was inaccurate.

23.     NCB is a corporation with its principal place of business in the Commonwealth of Pennsylvania and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

24.     NCB is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

25.     NCB furnished Plaintiff's information to the CRAs which was inaccurate.

5

26.    NCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, NCB is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

27.    Plaintiff is a natural person who is alleged to owe multiple debts which do not belong to him.

28.    Upon information and belief, Plaintiff has been a victim of identity theft or a mixed file for several years.

29.    Plaintiff monitors his credit through a credit monitoring app.

30.    While monitoring his credit, Plaintiff observed Exeter, partial account number 680681*, as to an auto loan (hereinafter "Exeter Account"). Plaintiff does not have an account with Exeter and never applied or gave permission to anyone to apply using his information for the Exeter Account.

31.    Shortly thereafter, Plaintiff contacted Exeter and was informed that the account was for an auto loan that originated in Chicago, Illinois. Plaintiff has never been to or lived in Chicago or Illinois.

32.    Plaintiff advised Exeter that the Exeter Account did not belong to him.

33.    Further, Plaintiff received a copy of the contract from Exeter and observed a signature that was not his signature and that there was a co-buyer

named "Mary Jimenez". Plaintiff does not know "Mary Jimenez" and did not co-sign any loans with "Mary Jimenez".

34.  On or about February 18, 2023, Plaintiff filed a police report with the Puerto Rico Police Bureau regarding the fraud and identity theft.

35.  In or about March 2023, the Exeter Account was sold to NCB, a collection agency, who attempted to collect the alleged debt from Plaintiff.

36.  Shortly thereafter, Plaintiff contacted NCB and disputed the erroneous collection account, partial account number 3122229x, on behalf of original creditor, Exeter (hereinafter "NCB Account") and advised the NCB Account did not belong to him.

37.  On or about September 2, 2023, Plaintiff received dispute results from NCB which stated NCB completed their investigation and verified the NCB Account belonged to Plaintiff.

38.  Plaintiff again contacted NCB to dispute the erroneous NCB Account which did not belong to him.

39.  On or about January 16, 2024, Plaintiff received dispute results from NCB which again stated NCB completed their investigation and verified the NCB Account belonged to Plaintiff.

40.  On or about March 27, 2024, Plaintiff received an email from NCB seeking to collect the alleged debt of the NCB Account totaling $1,194.

41.     On or about July 15, 2024, Plaintiff obtained copies of his credit report. Upon review, Plaintiff observed inaccurate and erroneous personal identifying information, including name, address, phone numbers, and employer. Further, Plaintiff observed the following accounts which did not belong to him.

      i.    Bank of America, partial account number 519947165097*, with a status of open and high balance of $1,516 (hereinafter "BOA Account");

      ii.    Exeter Account with a status of "Account charged off. $16,186 written off."; and

      iii.    NCB Account with a status of collection and balance of $1,194.

42.     The BOA Account stated payments were being made. However, Plaintiff did not make any of those payments because the BOA Account does not belong to him.

43.     Due to the inaccurate reporting, on or about July 29, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft, and that inaccurate personal identifying information was appearing in his credit file. Further, Plaintiff advised that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting,

images of the police report filed with the Puerto Rico Police Bureau, images of the fraudulent Exeter contract, and images of a collection letter from NCB.

44.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2155 2732 51), Experian (9589 0710 5270 2155 2732 75), and Trans Union (9589 0710 5270 2155 2732 68).

45.    On or about August 5, 2024, Plaintiff received an email from NCB seeking to collect the alleged debt of the NCB Account totaling $1,194.

46.    On or about August 23, 2024, Plaintiff received dispute results from Trans Union which stated the BOA Account was deleted and the Exeter Account verified as accurate.

47.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Trans Union notified Exeter of Plaintiff's dispute. However, Exeter failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.    On or about August 27, 2024, Plaintiff received dispute results from Experian which stated the BOA Account, Exeter Account, and NCB Account were verified as accurate and remains.

51.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.    Experian never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Experian notified Exeter of Plaintiff's dispute. However, Exeter failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

54.    Upon information and belief, Experian notified NCB of Plaintiff's dispute. However, NCB failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.    Despite confirmation of delivery on August 2, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax. Upon information and belief, Equifax continued to report the erroneous and fraudulent BOA Account, Exeter Account, and NCB Account.

56.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

57.     Equifax failed to do any independent investigation into Plaintiff's disputes, and Equifax never attempted to contact Plaintiff during the alleged investigation.

58.     On or about September 4, 2024, Plaintiff received another email from NCB seeking to collect the alleged debt of the NCB Account totaling $1,194.

59.     Due to the continued inaccurate reporting, on or about October 29, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of identity theft, and that inaccurate personal identifying information was in his credit file. Further, Plaintiff advised the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Puerto Rico Police Bureau, images of the fraudulent Exeter contract, and images of a collection letter from NCB.

60.     Plaintiff mailed his second detailed dispute letter via USPS Certified Mail to Equifax (7022 1670 0001 4464 2103), Experian (7022 1670 0001 4464 2097), and Trans Union (7022 1670 0001 4464 2080).

61.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs regarding his second detailed dispute letter.

62.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

63.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

64.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

65.     To date, Plaintiff has received several emails from NCB attempting to collect the alleged debt of the NCB Account.

66.     NCB was attempting to collect from Plaintiff a debt that did not belong to him.

67.     NCB was attempting to collect a debt that was illegitimate.

12

68.     As a result of the inaccurate credit reporting and actions and/or inactions of Defendants, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

70.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.    Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

72.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

73.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

74.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

75.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud.

76.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

78.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

80.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.     Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

82.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud.

86.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

88.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

89.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

90.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

17

91.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

93.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

97.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

98.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

99.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

100.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
## Violations of 15 U.S.C. § 1681g as to
## Defendant, Equifax Information Services LLC (Negligent)

103.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

104.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

105.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

106.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

107.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

109.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

110.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

111.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

112.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

113.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

114.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

117.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

118.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

119.   Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

120.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

121.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

122.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

123.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud

124.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT VIII**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Experian Information Solutions, Inc. (Willful)**

127.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

128.  Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

129.   Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

130.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

131.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

132.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

133.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud.

134.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

137.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

138.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

139.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

140.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

141.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

142.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

143.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

144.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

145.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

146.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

147.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

148.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

150.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

151.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

152.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

153.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

154.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

155.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

156.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

157.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud.

158.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

160.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Trans Union LLC (Willful)

161.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

162.  Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

163.  Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

164.  Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

165.  Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

166.  Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

167.  Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Puerto Rico Police Bureau, which contained sworn testimony of the fraud.

168.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

169.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

170.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

171.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

34

172.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

173.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

174.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

175.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

176.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

177.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

178.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

179.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

180.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

181.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

182.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

184.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Exeter Finance LLC (Negligent)

185.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

186.   Exeter furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

187.   After receiving Plaintiff's disputes, Exeter violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.   Plaintiff provided all the relevant information and documents necessary for Exeter to have identified that the account was fraudulent and erroneous.

189.   Exeter did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Exeter by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

190.   Exeter violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.   As a direct result of this conduct, action, and/or inaction of Exeter, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

192.   The conduct, action, and inaction of Exeter was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

193.   Plaintiff is entitled to recover costs and attorney's fees from Exeter in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, EXETER FINANCE LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Exeter Finance LLC (Willful)

194.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

195.   Exeter furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, Exeter violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.   Plaintiff provided all the relevant information and documents necessary for Exeter to have identified that the account was fraudulent and erroneous.

198.   Exeter did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Exeter by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

199.   Exeter violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200.   As a direct result of this conduct, action, and/or inaction of Exeter, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

201.   The conduct, action, and inaction of Exeter was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

202.   Plaintiff is entitled to recover costs and attorney's fees from Exeter in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXETER FINANCE LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, NCB Management Services, Inc. (Negligent)

203.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

204.   NCB furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

205.   After receiving Plaintiff's disputes, NCB violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

206.   Plaintiff provided all the relevant information and documents necessary for NCB to have identified that the account was erroneous.

207.   NCB did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCB by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

208.   NCB violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

209.   As a direct result of this conduct, action, and/or inaction of NCB, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

210.   The conduct, action, and inaction of NCB was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

211.   Plaintiff is entitled to recover costs and attorney's fees from NCB in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual damages against Defendant, NCB MANAGEMENT SERVICES, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, NCB Management Services, Inc. (Willful)

212.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

213.   NCB furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

214.   After receiving Plaintiff's disputes, NCB violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

215.   Plaintiff provided all the relevant information and documents necessary for NCB to have identified that the account was erroneous.

216.   NCB did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCB by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

217.   NCB violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

218.   As a direct result of this conduct, action, and/or inaction of NCB, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

219.   The conduct, action, and inaction of NCB was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

220.   Plaintiff is entitled to recover costs and attorney's fees from NCB in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NCB MANAGEMENT SERVICES, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIX**
**Violation of 15 U.S.C. § 1692f(1) as to**
**Defendant, NCB Management Services, Inc.**

221.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

222.   NCB has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

223.   NCB violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

224.   NCB had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

225.   As a result of the conduct, action, and inaction of NCB, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by NCB will harm his credit reputation.

226.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from NCB pursuant to the FDCPA.

227.   Plaintiff is entitled to recover reasonable attorney's fees and costs from NCB in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, NCB MANAGEMENT SERVICES, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANEUDY PEREZ MELENDEZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EXETER FINANCE LLC and NCB MANAGEMENT SERVICES, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.

48

Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*